UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NAYELI MARISOL RUIZ-GONZALEZ,

                Petitioner,                      Case No. 1:25-cv-1810

v.

                                      Honorable Hala Y. Jarbou

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

## **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on December 26, 2025, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 7, 8.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 7, 8.)

On January 4, 2026, Petitioner filed an emergency motion to enforce judgment, asking the Court "to compel Respondents to provide notice of immigration proceedings to Petitioner's attorney" and detailing difficulties counsel was having with the "eFile systems" used by the Immigration Court, as related to the scheduled bond hearing. (Emergency Mot. Enforce J., ECF

No. 9.) On January 6, 2026, Respondents filed a status report, indicating that a bond hearing had been held on January 5, 2026, and that Petitioner's bond was denied because Petitioner was found to be a "danger." (Status Report, ECF No. 10; Bond Order, ECF No. 10-1.) Later that same day, Petitioner filed a status report, in which Petitioner challenged the Immigration Court's determination that she was a danger. (Pet'r Status Report, ECF No. 11.)

As an initial matter, it appears that the issues raised in Petitioner's emergency motion to enforce judgment are moot because Petitioner received a bond hearing and Petitioner's counsel does not indicate that counsel continued to have difficulties with receiving notice of proceedings and with the "eFile systems" in the Immigration Court. Moreover, to the extent that Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's December 26, 2025, Opinion and Judgment, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition were resolved by the Court's December 26, 2025, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the nature of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's December 26, 2025, Opinion and Judgment. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's December 26, 2025, Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

Accordingly,

**IT IS ORDERED** that Petitioner's emergency motion to enforce judgment (ECF No. 9) is

**DENIED WITHOUT PREJUDICE**.

Dated: January 26, 2026                     /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  CHIEF UNITED STATES DISTRICT JUDGE